Nathan R. Sobel, J.
Petitioner was convicted on his own plea of guilty (Jan. 18, 1951) of carrying a dangerous weapon as a felony and was sentenced (Feb. 14, 1951) from 1 year, 3 months to 2 years, 6 months in State prison.
The indictment charged violation of subdivision 5 of section 1897 of the Penal Law. That section then provided: “ Any person over the age of sixteen years, who shall have or carry concealed upon his person * * * any pistol, revolver * * * shall be guilty of a misdemeanor, and if he has been previously convicted of any crime he shall be guilty of a felony.” The instant indictment charged the felony on the basis of a conviction seven years earlier for petit larceny on June 30,1943. He received for that crime, however, a suspended sentence.
In this petition he contends that the 1943 conviction for petit larceny was not a ‘ ‘ conviction ’ ’ within the terms of the statute, since he received a straight suspended sentence (cf. People v. Englese, 7 N Y 2d 83).
He also contends that a seven-year-old conviction could not be used to raise the carrying dangerous weapon charge to felony status.
There are no decisions precisely on the point at issue whether a misdemeanor can be elevated to a felony status if previously the defendant “has been * * * convicted of any crime” when he received a suspended sentence for that prior crime.
However, related issues cast some light on the problem. Such issues are fully discussed by Mr. Justice Bastow in Matter of Jones v. Kelly (9 A D 2d 395). See, also, cases cited in Judge Soileppi’s dissent in People v. Weinberger (15 N Y 2d 735, 736).
On the basis of these decisions and section 470-b of the Code of Criminal Procedure, I conclude that the prior conviction in 1943 was a proper basis for charging the felony under the statute.
I agree with Frys on that a seven-year-old conviction for a misdemeanor should not “ in justice ” be so used; but attempts to change the law (viz., recent amnesty bills) have been frustrated.
I note that the sentence attacked has long since been served. Petition is denied.